## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**DEMARIO D. WALKER**                                                            **PLAINTIFF**

**VS.**                                                                                **CIVIL ACTION NO. 3:04CV140LS**

**STATE OF MISSISSIPPI, c/o Haley Barbour,**
**Governor; JIM HOOD and HALEY BARBOUR,**
**Governor of Mississippi**                                                      **DEFENDANTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter came before the court on the Defendants' Motion to Dismiss this matter, which is a lawsuit brought by a prisoner in state custody[1] challenging the constitutionality of Mississippi's ban on same-sex marriage. The Motion was originally referred to United States Magistrate Judge Alfred G. Nicols, Jr., by an Order entered by District Judge Tom S. Lee on November 8, 2005. After Judge Nicols's retirement, the matter was assigned to the undersigned. Having reviewed the Motion to Dismiss and the related pleadings, the undersigned is of the opinion that Walker has failed to state a claim upon which relief may be granted and that this matter should be dismissed with prejudice.

Demario Walker challenges Miss. Const. art. 14, § 263A and Miss. Code § 93-1-1(2), both of which prohibit same-sex marriage, as violating the Due Process and Equal Protection Clauses of the United States Constitution, as well his right to privacy and freedom of expression. There is no indication as to whether Walker has actually applied for a marriage license with another man or whether he has married another man in a state that would recognize such a union. Thus, there is no suggestion that Walker has been directly affected by the ban on same-sex marriage. However, because the Defendants have not raised the issue of standing, the court will not address it here.

---

[1]Walker has, apparently, been released from custody since filing this lawsuit.

Art. 14, § 263 is titled, "Marriage defined as only between a man and a woman" and states:

> Marriage may take place and may be valid under the laws of this State only between a man and a woman. A marriage in another State or foreign jurisdiction between persons of the same gender, regardless of when the marriage took place, may not be recognized in this State and is void and unenforceable under the laws of this State.

Miss. Code § 93-1-1(2) (1972) states:

> Any marriage between persons of the same gender is prohibited and null and void from the beginning. Any marriage between persons of the same gender that is valid in another jurisdiction does not constitute a legal or valid marriage in Mississippi.

In *Baker v. Nelson*, 291 Minn. 310, 191 N.W.2d 185 (1971), two adult male residents of Hennepin County, Minnesota, attacked the county clerk's denial of a marriage license to them. In denying the license, the clerk relied on Minn. St. C. 517.01 which declared a lawful marriage to be "only between persons of the opposite sex . . . ." The plaintiffs claimed that the statute violated the equal protection and due process guarantees of the United States Constitution, made applicable to the states by the Fourteenth Amendment, as well as violating the First and Eighth Amendments. The state court dismissed the First and Eighth Amendment claims without discussion. 291 Minn. 310, 312, 191 N.W. 2d 185, 186 n. 2. With regard to the Fourteenth Amendment claims, the court held that neither the equal protection nor the due process clauses was offended by the state's classification of those who are authorized to marry. 291 Minn. at 313, 191 N.W. 2d at 187.

This decision was appealed to the United States Supreme Court, which dismissed the appeal for want of a substantial question. *Baker v. Nelson*, 409 U.S. 810 (1972). An appeal so dismissed is an adjudication on the merits that binds lower federal courts. *Hicks v. Miranda*, 422 U.S. 332, 344

(1975). Thus, until the United States Supreme Court makes a different pronouncement on the issues decided in *Baker,* other federal courts must reach the same result on those issues.

In *Wilson v. Ake*, the United States District Court for the Middle District of Florida recently faced the same arguments, which were applied, in that case, to the Defense of Marriage Act and the Florida statute refusing to recognize same-sex marriage performed in another state. 354 F. Supp. 2d 1298 (M.D. Fla. 2005). There, a lesbian couple who had been married in Massachusetts, which recognized same-sex marriages, sued to have their marriage recognized in Florida. A Florida county clerk refused to accept their marriage license for official recognition, on grounds that a Florida statute, F.S.A. § 741.212, stated that such marriages "are not recognized for any purpose in this state." Additionally, a federal statute, the "Defense of Marriage Act (DOMA)," stated that no state was required to give effect to any public act or record "respecting a relationship between persons of the same sex . . ." that was treated like a marriage in another state. 28 U.S.C. § 1738C.

The plaintiffs in *Wilson* argued that DOMA and the Florida statute violated the full faith and credit clause, the equal protection clause, and the due process clause of the Constitution. In denying their claims, the *Wilson* court held that, although the decision in *Baker v. Nelson* was over thirty years old, it addressed the same issues, and its holding still applied. 354 F. Supp. 2d at 1304-05. The court recognized that a more recent Supreme Court case declared a Texas statute prohibiting sodomy to be unconstitutional. *Lawrence v. Texas*, 539 U.S. 558 (2003). However, the court held that *Lawrence* did not alter the dispositive effect of the *Baker* decision, as the issues were not the same, nor did the decision make any explicit reference to the *Baker* holding. 354 F. Supp. 2d at 1305. Thus, the court denied relief under every constitutional claim raised by the plaintiffs and dismissed the action.

The undersigned agrees that the *Wilson* rationale must likewise be applied in this matter. Although other courts have held to the contrary, those were state courts that recognized such unions pursuant to state statutory or constitutional law. *See, e.g., Hennefeld v. Township of Montclair*, 22 N.J. Tax 166, 2005 WL 646650 (2005); *Goodridge v. Dep't of Public Health,* 440 Mass. 309, 798 N.E. 2d 941 (2003); *Baehyr v. Miike,* Civ. No. 91-1394, 1996 WL 694235 (Haw. Cir. Ct. Dec. 3, 1996), aff'd without opinion, 87 Haw. 34, 950 P.2d 1234 (Haw. 1997). The Plaintiff in this case has, apparently, mounted no such challenge to Mississippi's law in the courts of Mississippi, which are the courts best suited to rule on this question.

For all of these reasons, it is the opinion of the undersigned that the Plaintiff has stated no claim cognizable under 42 U.S.C. § 1983, that the Defendants' Motion to Dismiss should be granted, and that this case should be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 10th day of April, 2006.

                                                 S/James C. Sumner
                                       UNITED STATES MAGISTRATE JUDGE