IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


DEMARIO DONTEZ WALKER                                          PLAINTIFF

VS.                                          CIVIL ACTION NO.  3:04cv140-TSL-JCS

STATE OF MISSISSIPPI, ET AL.                                    DEFENDANTS


**REPORT AND RECOMMENDATION OF
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This cause comes on this date before the undersigned United States Magistrate on the

Plaintiff's "Motion to Clarify Order and Amend and Rule 60(b)(6)."  (Document Number 86).

This matter has been referred to the Magistrate Judge pursuant to Fed. R. Civ. P. 72 and 28

U.S.C. § 636(b). In the Motion, the Plaintiff asks the Court to decide if this case counts as a

"strike."  The Court infers that the Plaintiff asks for clarification whether the case was dismissed

pursuant to 28 U.S.C. § 1915(e, g). Furthermore, the Plaintiff now states that he never received a

copy of the court's ruling and, therefore, could not object.  He also asks the Court to set aside its

judgment.

The Report and Recommendation in this case, originally entered on April 11, 2006

(Document Number 81), recommended dismissal with the following language:

> For all of these reasons, it is the opinion of the undersigned that the Plaintiff has
> stated no claim cognizable under 42 U.S.C. § 1983, that the Defendants' Motion to
> Dismiss should be granted, and that this case should be dismissed with prejudice.

Contrary to the assertion in his present motion, the Plaintiff filed an objection (Document

number 82) to the Report and Recommendation.  In his objection, the Plaintiff failed to attack the

recommended language of the dismissal.  Subsequently, on July 25, 2006, the District Court

adopted the Magistrate's findings, stating:

> The court, having considered the magistrate judge's report and recommendation, is of the opinion that the magistrate judge correctly concluded that as a matter of law, plaintiff's complaint in this cause fails to state a claim for relief. The court therefore adopts the magistrate judge's findings and conclusions as its own, and orders that plaintiff's complaint in this cause be dismissed with prejudice.

Order at Document Number 85. Since that time, the Hon. Tom S. Lee, District Judge, has referenced this case, Civil Action No. 3:04cv140-TSL-JCS, as a "strike." See Document Number 59, filed 3/26/09, Walker v. Barbour, Civil Action No. 3:08cv96-TSL-JCS; and Document Number 55, filed 2/13/09, Walker v. Norwood, Civil Action No. 3:08cv275-TSL-JCS. The Hon. Keith Starrett, District Judge, has also referenced this proceeding, Civil Action No. 3:04cv140-TSL-JCS, as a "strike." See Document Number 15, filed 2/11/09, Walker v. Woodard, Civil Action No. 2:08cv233-KS-MTP. Likewise, the Fifth Circuit has recognized this action as a "strike." See Document Number 50, filed 7/14/09, Walker v. Miss. Parole Board, Civil Action 3:08cv132-HTW-LRA , Appeal No. 08-60691, Order and Judgment (dismissing appeal as frivolous with sanction warning issued).[1]

Pursuant to 28 U.S.C. § 1915 (e)(2)(B), if a court finds that an action or appeal "fails to state a claim on which relief may be granted" the case may be dismissed. Pursuant to 28 U.S.C. § 1915(g), if a prisoner proceeding under § 1915 brings an action that is dismissed because it "fails to state a claim upon which relief may be granted," among other criteria, the action or case will count as a "strike." Considering the language employed to dismiss this case, the undersigned finds that because the action was dismissed for a failure to state a claim for relief,

---

[1] The court notes that this is not intended to be an exhaustive list of the instances in which this case has been referenced as a "strike."

and § 1915 specifically states that cases dismissed on this basis may be counted as a strike, this action meets the criteria to be considered a "strike."

The Plaintiff has also asked that the judgment be reconsidered and set aside because he alleges that he was never served with a notice of the Court's ruling. As stated above, his filings belie the assertion that he never received a copy of the Court's Report and Recommendation. The Court's records also indicate that copies of the final order and judgment were mailed to the Plaintiff. Moreover, this motion, filed pursuant to Rule 60(b)(6), just shy of three years after the dismissal of the case, is not made within a "reasonable time" for motions for relief from a judgment or order. See F.R.C.P. 60(b)("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."). Thus, the Plaintiff's arguments on this issue fail.

Accordingly, for the reasons discussed above, the undersigned recommends denial of the Plaintiff's "Motion to Clarify Order and Amend and Rule 60(b)(6)."

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the __14th__ day of July, 2009.

___s/ James C. Sumner_____
UNITED STATES MAGISTRATE JUDGE
